# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5456 | **DATE** | 2/13/2013 |
| **CASE TITLE** | Creation Supply, Inc. v. Alpha Art Materials Co., Ltd. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion [41] to strike affirmative defenses is granted in part and denied in part. Defendant's first affirmative defense is stricken.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

When defendant Alpha Art Materials Co. Ltd. ("Alpha Art") filed its amended answer to plaintiff's complaint, it asserted three affirmative defenses: unripe claim, unclean hands and waiver. Plaintiff Creation Supply, Inc. ("Creation Supply") moves to strike defendant's three affirmative defenses. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored.

With respect to all three of defendant's affirmative defenses, plaintiff argues that defendant has not pleaded sufficient facts to support the affirmative defenses. This Court disagrees. This Court has, on several occasions, considered whether to extend the pleading requirements of *Twombly* and *Iqbal* to affirmative defenses and has declined to do so. *LaPorte v. Bureau Veritas North America Inc.*, Case No. 12 C 9543, 2013 WL 250657 (N.D. Ill. Jan. 18, 2013); *Leon v. Jacobson Transportation Co., Inc.*, Case No. 10 C 4939, 2010 WL 4810600 (N.D. Ill. Nov. 19, 2010)). Accordingly, the Court declines to strike affirmative defenses one through three for being insufficiently plead.

Next, plaintiff argues that defendant's first affirmative defense–unripe claim–is not a true affirmative defense. The Court agrees. Ripeness is not a doctrine that defeats a plaintiff's claim on the merits. Instead, "[r]ipeness is a justiciability doctrine designed, 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements[.]'" *National Park Hospitality v. Department of the Int.*, 538 U.S. 803, 807 (2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-149 (1967)). Accordingly, the Court will strike defendant's first affirmative defense. Fed.R.Civ.P. 12(f) ("The court may strike from a pleading an insufficient defense . . .").

With respect to the second and third affirmative defenses (unclean hands and waiver), plaintiff argues that these affirmative defenses fail on the merits. Failure on the merits is not an appropriate reason for

| STATEMENT |
|---|
| *striking* an affirmative defense. If plaintiff believes it is entitled to judgment as a matter of law on the affirmative defenses, it can move for summary judgment (in compliance with the local rules) at the appropriate time. |